Lloyd D. **MERRIFIELD**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 379S58.

Supreme Court of Indiana.

Feb. 20, 1980.

≈ 1169.2(1)

**148**

Richard M. Salb, Indianapolis, for appellant.

Theodore L. Sendak, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Appellant Lloyd Merrifield was charged in Marion County Criminal Court with one count of robbery, Ind.Code § 35–42–5–1 (Burns 1979 Repl.); one count of criminal confinement, § 35–42–3–3; four counts of criminal deviate conduct, § 35–42–4–2; one count of rape, § 35–42–4–1; and one count of attempted murder, §§ 35–41–5–1 and 35–42–1–1. After trial by a jury, appellant was acquitted of the robbery charge, but was found guilty of each of the other seven counts. The trial court sentenced appellant to ten years imprisonment on the criminal confinement charge, and to thirty years on each of the criminal deviate conduct and rape convictions. All of the above sentences are to be served concurrently. The trial court also sentenced Merrifield to fifty years imprisonment on the attempted murder charge, but ordered this sentence to be served consecutively with the other sentences imposed.

Appellant raises four issues on this direct appeal, concerning: (1) whether the trial court erred in refusing to prevent any mention of the word "alibi" during the trial and in refusing to exclude the testimony of appellant's ex-wife; (2) whether the trial court erred in refusing to exclude the identification testimony of the victim; (3) whether the evidence is sufficient to sustain the convictions; and (4) whether the trial court erred in imposing consecutive sentences.

The facts most favorable to the State are as follows. In the early morning hours of October 17, 1977, the victim, L. B., was working as a waitress at Hazel's Grill in Indianapolis. At approximately 1:15 a. m., appellant Merrifield came into the restaurant and ordered a sandwich. The victim testified that she had seen him in the restaurant a few months earlier and that he had made a sexual proposition to her. As L. B. began to prepare his order, appellant came around the counter carrying a knife. He advanced toward her and pushed her toward the kitchen. Appellant then grabbed the victim by the hair and forced her out of the restaurant, across the parking lot, and into the trunk of an older model dark blue automobile.

Appellant drove the car for some time, stopped at an unknown location and opened the trunk. After tying the victim's hands, appellant pulled her up to the opening of the trunk and forced her to engage in oral sex with him. Appellant removed L. B.'s clothes and forced her into the back seat of the car. He inserted a stick into her anus, raped her and again forced her to have oral sex with him. The victim was placed back in the trunk, and appellant then forced a stick into her vagina. Appellant then shut the trunk and proceeded to drive the car for some time. When he stopped the car, he again took the victim from the trunk and, on this occasion, forcibly engaged in anal sex with her. Appellant then dragged L. B. to a wooded area and again forced her to perform fellatio on him. At this point, Merrifield began to stab the victim on the back, neck and arms. He then fled from the scene. The victim crawled to a street, where she was eventually discovered by a passer-by. Medical testimony from Dr. Jack Riner established that the victim had sustained many cuts on her neck and back, a collapsed lung and a wound to her liver. Dr. Riner testified that the victim probably would have died from these injuries had she not received medical treatment.

## I.

Appellant first argues the trial court erred by refusing to grant his pretrial motion in limine to prevent anyone from mentioning the word "alibi" during the trial. Apparently, the basis of this motion was defense counsel's belief that the word "alibi" carries with it the connotation of a suspect and meritless defense. Initially, we note that appellant himself raised the alibi issue by filing notice of his intent to present an alibi defense, under Ind.Code § 35–5–1–1 et seq., (Burns 1979 Repl.). He does not elucidate how he would have presented an alibi defense or how the trial court could have instructed the jury on the question if the word "alibi" were not used. Moreover, appellant did not, in fact, present any alibi evidence, apparently due to the trial court's refusal to grant his motion in limine. Appellant connects this issue to the trial court's refusal to prevent testimony from appellant's former wife. He argues that these two rulings were erroneous and forced him to alter his trial strategy drastically. Among other things, appellant claims the rulings "inhibited" his right to testify on his own behalf.

■ Appellant's arguments are without merit for several reasons. First, we do not believe, as appellant claims, that the word "alibi" connotes "some sad excuse of some person who was truly at fault for something." Webster's Third New International Dictionary defines "alibi" as: "the plea of having been at the time of the commission of an act elsewhere than at the place of commission; the fact or state of having been elsewhere at the time." We fail to see how the accepted definition of this word would have been prejudicial to appellant. Second, appellant's ex-wife, did not, in fact, testify at the trial. Thus, we fail to see how the trial court's refusal to prevent her testimony actually harmed appellant. Finally, appellant's argument that the court's rulings forced him to change his trial strategy is purely speculative. He makes no showing as to what strategy changes he was forced to make and the reasons therefor; nor does he explain how

the rulings "inhibited" his exercise of his right to testify. Further, he does not indicate what the nature or substance of his testimony would have been if he had not felt "inhibited." The trial court did not err in denying appellant's motions.

## II.

Appellant next argues that none of the victim's identification testimony should have been admitted into evidence. This argument is grounded on the police department's use of hypnosis on the victim several days after the incident. Appellant claims this technique tainted any identification the victim may have been able to make, and thereby rendered any identification testimony inadmissible.

■ Appellant's argument overlooks several crucial facts. First, the victim clearly picked appellant's picture out of a photographic display on two occasions prior to the hypnosis session. Appellant does not challenge the constitutionality of those pretrial identification procedures, and, in fact, testimony concerning this pretrial out-of-court identification was admitted at trial without objection. Thus, the use of hypnosis had no effect on this identification. Second, the victim made an in-court identification of appellant without objection. Any issue concerning a possible taint on this in-court identification as a result of the hypnosis session was thereby waived. *See Gee v. State*, (1979) Ind., 389 N.E.2d 303; *Bell v. State*, (1977) 267 Ind. 1, 366 N.E.2d 1156.

■ Furthermore, even if we were to overlook this waiver of the issue, we think the victim's in-court identification had an independent basis, free from any possible subsequent influences the hypnosis session might have had. When appellant entered the restaurant, the victim immediately recognized him, remembering that he had been in the restaurant a few months earlier and had made a sexual proposition to her. Further, she was in appellant's presence for several hours under varying lighting conditions, even though confined to the trunk of

appellant's car during parts of that time. In fact, the victim was in very close proximity to him at three different times. In addition, as we noted earlier, the victim clearly identified appellant Merrifield's picture in two photographic display sessions prior to the hypnosis session. The first of these identifications came three days after the incident took place, while the victim was in St. Francis Hospital. Thus, even though appellant did not object at the time, we think the prosecution presented clear and convincing evidence of an independent basis for the victim's in-court identification. *See Morgan v. State,* (1980) Ind., 400 N.E.2d 111, (1980); *Deaton v. State,* (1979) Ind., 389 N.E.2d 293; *Williams v. State,* (1979) Ind., 395 N.E.2d 239; *Parker v. State,* (1976) 265 Ind. 595, 358 N.E.2d 110; *Swope v. State,* (1975) 263 Ind. 148, 325 N.E.2d 193, *following United States v. Wade,* (1967) 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149.

No evidence of the hypnosis session was admitted or offered at trial. We emphasize that the issues regarding the admissibility of testimony concerning hypnosis and evidence obtained solely as the result of hypnosis are not presented to us in this case. We therefore express no opinion on those matters.

### III.

■ Appellant next argues that without the victim's identification testimony, the evidence is not sufficient to sustain the conviction. As we held above, the victim's testimony was properly admitted by the trial court. This evidence alone would have been sufficient to sustain the verdict. *See Harris v. State,* (1978) 268 Ind. 12, 373 N.E.2d 149. In addition, the victim identified appellant's car as the car in which he had confined and sexually assaulted her. She also identified several items found in the trunk of the car which were there when this incident occurred. Several pieces of physical evidence, including hair pins and parts of a necklace, were found in the car and subsequently identified as being very similar to items owned by the victim. Wit-

nesses placed appellant Merrifield near the restaurant around the time the victim was abducted. Also, the victim was released only one-half mile from Merrifield's residence.

■ Appellant Merrifield also argues that the prosecution proved the proper venue only as to the criminal confinement charge. As support for this argument, he points out that the victim testified that she did not know where she was found. This obviously does not prove the offenses were not committed in Marion County. In fact, the State established that the victim was found near the intersection of McFarland Road and Midland Avenue in Indianapolis, and the scene of the last series of sexual assaults was discovered and determined to be approximately forty to forty-five feet from the curb where the victim was found. Thus, we think there was sufficient probative evidence from which the jury could have found beyond a reasonable doubt that the offenses were committed in Marion County by appellant Merrifield.

### IV.

■ Finally, appellant argues that the trial court committed error by sentencing him to fifty years on the attempted murder charge, to be served consecutively with the other sentences. Appellant was sentenced to ten years on the criminal confinement charge and thirty years on each of the five sex-related offenses. The trial court ordered these sentences to be served concurrently. Appellant now claims the trial court also should have ordered the sentence for attempted murder to run concurrently. As support for this argument, appellant cites those cases where the defendant was erroneously sentenced twice for the same act or the same crime. *See, e. g., Vaughn v. State,* (1978) Ind., 378 N.E.2d 859; *Gaddis v. State,* (1977) 267 Ind. 100, 368 N.E.2d 244. These cases are not applicable to this case, however. The acts constituting the attempted murder were clearly different from those constituting the criminal confinement and sex related offenses. Attempted murder requires proof of facts

which the other offenses do not, and the converse is also true. Thus, there is no double jeopardy problem here. *See Elmore v. State,* (1978) Ind., 382 N.E.2d 893. Appellant had no constitutional right to have his sentences run concurrently. Further, Ind.Code § 35–50–1–2 (Burns 1979 Repl.) provides that the trial court "shall determine whether terms of imprisonment shall be served concurrently or consecutively." This statute took effect October 1, 1977, and was, therefore, in effect when these crimes were committed and when appellant was tried and sentenced. Especially in light of the facts of this case, the trial court was justified in ordering the attempted murder sentence to be served consecutively.

The judgment of the trial court is affirmed.

All Justices concur.