**James LOGSDON, Appellant (Defendant below),**

v.

**STATE of Indiana, Appellee (Plaintiff below).**

**No. 380S64.**

Supreme Court of Indiana.

Dec. 5, 1980.

Michael J. McDaniel, New Albany, for appellant.

Theodore L. Sendak, Atty. Gen., Thomas D. Quigley, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, James P. Logsdon, was convicted by a jury of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1979 Repl.) and sentenced to thirty years' imprisonment. He now presents two issues for review:

1. Whether there is sufficient evidence to support the jury verdict; and

2. Whether the trial court erred in failing to find mitigating circumstances in pronouncing sentence.

The evidence most favorable to the state reveals that in the early morning hours of March 18, 1979, defendant and two girls met the victim at a tavern in New Albany, Indiana. The bar was closed, and the victim wanted to find a place to purchase some beer. The defendant and his two friends agreed to drive the victim to another tavern which they did. After buying the beer, the four individuals drove to a park near the Ohio River. The victim got out and walked towards the river when the defendant approached him from behind and struck him on the back of the head several times with a blunt instrument. Defendant then took the victim's money and left in the car with the two girls.

I.

It is well recognized that in reviewing the sufficiency of the evidence, this Court will not weigh the evidence nor determine the credibility of witnesses but will only view the evidence most favorable to the state and the logical inferences to be drawn therefrom. If there is substantial evidence of probative value to establish every element of the crime, the verdict will not be disturbed. *Tillman v. State*, (1980) Ind., 408 N.E.2d 1250; *Charlton v. State*, (1980) Ind., 408 N.E.2d 1248.

Defendant's sufficiency attack is merely an invitation for us to weigh the evidence and to judge the credibility of witnesses.

The victim testified that defendant robbed him. He also made a written statement to police about a month after the incident describing the details of the robbery. The defense introduced a statement signed by the victim several months before trial which stated that the defendant was not the person who assaulted him. However, the victim testified in court that the defendant's brother had approached him and offered him money if he would not testify against the defendant. The victim stated that he took the money and executed the statement, which had been prepared by the brother, because he thought that was the only way to get his money back. He said that when he signed the paper, he still intended to testify. The credibility of this witness was a matter for the jury to resolve.

At trial, the two girls who accompanied the defendant on the night in question testified that the victim was bothering them at the park, and that the defendant hit the victim in self-defense while attempting to keep him away from them. They also testified that the victim had given defendant the money in an effort to obtain sexual favors from them. However, the state introduced written statements given by each of the girls to police about a month after the attack which told a different story. They had stated there that when they arrived at the park, defendant had already planned to rob the victim. They both said that after the victim got out of the car, they saw defendant follow him down a hill, heard the blows being struck, and then saw the defendant return to the car with some money which he divided up with them. One of the girls also said in this earlier statement that defendant returned to the car with a hammer and threw it out the window as they left. The resolution of a conflict in the evidence is a function for the jury and is not a proper consideration for this Court. *Royston v. State*, (1979) Ind., 397 N.E.2d 285; *Choctaw v. State*, (1979) Ind., 387 N.E.2d 1305. We believe that there is sufficient evidence to support the verdict.

## II.

The defendant next contends that the trial court erred in failing to find mitigating circumstances which would warrant a reduction in his sentence. He notes such factors as the lack of a preconceived plan to commit the crime, the non-severity of the victim's injuries, the fact that restitution had been made to the victim, and the intoxication of all parties involved in the incident. It is within the trial court's discretion whether or not the basic sentence for a crime will be increased or decreased according to aggravating or mitigating circumstances. *McCawley v. State*, (1980) Ind., 409 N.E.2d 594.

Defendant overlooks the fact that the two girls' statements to police indicate that defendant did entertain a preconceived intent to commit the robbery. Contrary to defendant's assertion that the victim's injuries were not severe, a medical report introduced into evidence showed that the victim suffered multiple lacerations to the scalp requiring twenty-six stitches. The purported "restitution" to which defendant refers was not made by him, but by his brother, and was done under circumstances suggesting that it was a bribe. Finally, the trial judge was in the best position to decide whether defendant's intoxication, if it did exist, was of such a nature as to constitute a mitigating factor. The trial court did not abuse its discretion, and under our standard of appellate review, we hold that the sentence was not manifestly unreasonable. *Gardner v. State*, (1979) Ind., 388 N.E.2d 513.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.