**James CRANDELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–1185A280.

Court of Appeals of Indiana, First District.

March 25, 1986.

Rehearing Denied April 9, 1986.

Transfer Denied May 28, 1986.

John E. Pierce, Hinkle Keck Webb & Pierce, Danville, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

James Crandell (Crandell), defendant-appellant, appeals his conviction of battery, a class A misdemeanor. He received a sentence of one year in jail, and was fined $1,000 plus costs.

We affirm.

The facts favoring the verdict can be summarized as follows: On November 13, 1984, Crandell was walking along a paved walk leading to a restaurant in Hendricks County, when he recognized the victim, James Lowry (Lowry), approaching from the opposite direction on his way to the parking lot. Crandell suddenly punched Lowry in the face, knocking him to the ground. After angry words were exchanged, Lowry proceeded to his car, with Crandell following him. Lowry drove away without further incident. After Lowry reported the episode to police, Crandell was charged with battery.

Crandell maintained at trial, and continues to claim on appeal that he accidentally hit Lowry with his shoulder as Crandell was getting to his feet after falling on the walk. However, there was evidence that Lowry, an attorney, had represented a Mr. and Mrs. Frank Keeton in a civil action against Crandell several years earlier, and that Crandell had borne animus toward the Keetons and their attorney as a result of the judgment against him in that suit. This fact and other evidence inferred that Crandell's act had been intentional, not accidental.

This appeal ensued after a jury found Crandell guilty of battery.

Disposition of this appeal requires that we decide four issues:

I.  Whether the court erred in admitting evidence of telephone conversations between counsel for Crandell and Lowry?

II. Whether it was an abuse of discretion for the trial court to allow rebuttal testimony of State's witness Frank Keeton?

III. Whether a sentence of one year was manifestly unreasonable?

IV. Whether the trial court improperly considered statements of the jurors indicating they feared Crandell in deciding to impose the one-year sentence?

ISSUE I.

Crandell objected to testimony of Lowry concerning certain telephone conversations that Crandell's attorney, Steve Keck, had with Lowry in an effort to persuade Lowry not to press charges against Crandell. The pertinent portions of Lowry's testimony are as follows:

Q. [By State]: All right. Would you tell the jury what the nature of that telephone conversation was on January 24, 1985, between Mr. Keck and yourself?

.    .    .    .    .

A. ... he stated something to the effect what would it take for you to allow him or to keep him out of jail. I said that's uh not up to me, it's up to the court and I will not agree to anything short him doing time.... And I think Mr. Keck's response was something to the effect he'll give you a private apology, a written apology, a public apology, he'll even, quoting him again, leave the [expletive] county, if you'll let him, keep him out of jail. And again I told him I could not agree to that....

Q. Was that conversation strictly between you and Mr. Keck?

A. Yes.

Record at 93, 94.

Crandell urges that Keck's offer to settle the dispute constituted an attempt at plea negotiations which are privileged communications and not admissible in a criminal proceeding.

■ Any statements relating to the plea bargaining process are inadmissible. *Moulder v. State*, (1972) 154 Ind.App. 248, 289 N.E.2d 522. This rule also precludes a defendant from offering into evidence any communication relating to plea bargain negotiations unless the defendant subsequently enters a plea of guilty which is not withdrawn. *Hineman v. State*, (1973) 155 Ind.App. 293, 292 N.E.2d 618; A.B.A. Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, § 3.4.

■■ In determining whether a communication is related to plea negotiations, we must look at its essential nature. *Moulder, supra*. In order to be privileged and therefore inadmissible, the communication must have as its ultimate purpose the reduction of punishment or other favorable treatment from the State to the defendant. *Id.*

■ We conclude that the privilege should not extend to the communications between Keck, representing the defendant Crandell, and the victim Lowry. Here, Crandell did not offer to plead guilty in exchange for favorable treatment from the State. Nor could Lowry negotiate a plea settlement on behalf of the State and in favor of Crandell. The fact that the prosecutor gave Keck permission to talk with Lowry does not alter our conclusion, where the evidence indicated the prosecutor freely gave such permission in misdemeanor cases. We have held that a party may not seek to exclude communications made under the guise of plea bargaining. *Moulder, Id.; Lowery v. State*, (1985) Ind., 478 N.E.2d 1214. Because the communication is not privileged as Crandell argues, it was admissible.

ISSUE II.

The second error submitted by Crandell was the admission of rebuttal testimony of Frank Keeton. Keeton testified over defense objection that Crandell had made threats to Keeton over the telephone, had attempted to run Keeton off the road, and had made angry gestures at Keeton when Crandell saw him driving in Plainfield. These incidents occurred over a period of time commencing in 1980 during the pendency of the civil litigation between the Keetons and Crandell, and continuing until the spring of 1983.

■ The scope of rebuttal evidence is left to the sound discretion of the trial court. *Wells v. State*, (1982) Ind., 441 N.E.2d 458. We may only reverse the judgment where the trial court has abused its discretion in failing to limit the scope of rebuttal. *Id.* Rebuttal evidence is limited to that which tends to explain, contradict, or disprove evidence offered by the adverse party. *Wells, supra; Steele v. State*, (1985) Ind., 475 N.E.2d 1149.

Crandell argues that Keeton's rebuttal testimony was improper because it contradicts evidence brought out only in cross-examination of Crandell; therefore, the evi-

dence to be rebutted was not offered by the adverse party.

We need not decide whether Crandell's contention is correct, because there was evidence offered by him on direct examination which was properly rebuttable by Keeton's testimony. Crandell testified as follows:

Q. After that lawsuit was over, uh were you angry with Mr. Lowry?

A. There wasn't any love lost.

Q. Uh, you were angry right at the time, right after it happened?

A. Yes, sir.

Q. Uh, had your anger continued till the day of November 13th, 1984?

A. No, sir, I had, you know, forgotten about it and had a business I was trying to run, you know, I didn't want any trouble.

Record at 135.

■ Although defense asked Crandell how he had felt about Lowry, the Keeton's attorney, Crandell answered in response that he had forgotten about his anger over the lawsuit shortly after its conclusion and hadn't "wanted any trouble." There was no abuse of discretion in allowing Keeton's testimony tending to rebut the inference raised by Crandell's testimony that he was no longer irate because he had not prevailed in the lawsuit.

## ISSUES III and IV.

Crandell received a one-year sentence, which he maintains should be revised because it is manifestly unreasonable, and because the judge improperly considered comments of the jury in imposing the sentence.

Crandell's one-year sentence was the basic term of imprisonment for battery as a class A misdemeanor. IND.CODE 35–50–3–2 (1982). The trial judge is authorized to suspend any portion of the sentence and place the defendant on probation under IND.CODE 35–50–3–1 (1982).

We may revise only those sentences which are manifestly unreasonable; a sentence is manifestly unreasonable only if no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence is imposed. Ind.R.App.Rev.Sent. 2.

■ Turning to the record of the sentencing hearing, we note that the judge specifically found any mitigating circumstances outweighed by the aggravating circumstances; among them, lack of provocation, Crandell's failure to make restitution,[1] the likelihood that Crandell would repeat the offense, and that Crandell's testimony that the striking was accidental was incredible. It is within the trial court's authority to determine the weight to be given to aggravating and mitigating circumstances. Hoehn v. State, (1984) Ind.App., 472 N.E.2d 926.

■ Moreover, Crandell has not demonstrated reversible error with respect to the judge's consideration of the jury's comments. In his remarks to the defendant in which he finds aggravating circumstances, the judge further commented:

"I have never been in any jury trial, criminal whatsoever, where a jury has come to me afterwards and told me don't let this defendant have any contact with us or anybody else. The jury's fear of you, uh in any case I've ever had, capital murder right on down, a jury has never come to me afterwards and said keep the defendant away from me, we're afraid of him."

■ The sentencing hearing was held on April 19, 1985, thirty days after the trial ended on March 20. After the trial, the court ordered Crandell to refrain from having any contact, directly or indirectly, with the jurors who had served during the trial, or with any witnesses who had testified. The judge informed Crandell at that time that the jury had requested the court to

1. Crandell urges that his attorney's suggestion to Lowry that he file a civil action for damages should have been considered a mitigating factor. We decline to interpret Crandell's suggestion as an offer to make restitution. See Logsdon v. State, (1980) 274 Ind. 575, 413 N.E.2d 249.

make such an order. Therefore, it is apparent that Crandell was aware of the jury's fear of him, and there was no error in not including those comments in the presentence report, as Crandell contends. Furthermore, the jury's remarks do not amount to "allegations"; they are not factual assertions which Crandell could have met or challenged at the sentencing hearing.

[14, 15] In addition, we do not agree that the jury impermissibly "sentenced" Crandell contrary to the statute fixing authority to sentence a defendant in the court. IND.CODE 35–50–1–1. We hold the court did not abuse its discretion in imposing the basic sentence for the offense, and in failing to place Crandell on probation. Probation is purely a favor granted by the court, and is wholly discretionary. *Farmer v. State,* (1971) 257 Ind. 511, 275 N.E.2d 783.

Judgment affirmed.

RATLIFF, J., concurs in result.

NEAL, J., concurs.