**David Wayne BRINKER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 4–1185 A 309.**

Court of Appeals of Indiana, Fourth District.

April 16, 1986.

Charles E. Hostetter, Hostetter & Lucas, Brownsburg, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant-Appellant David Wayne Brinker (Brinker) appeals his jury conviction for Criminal Recklessness, a class D felony, IND. CODE 35–42–2–2.

We affirm.

ISSUES

Brinker presents three issues, which we have restated, for our review:

1. whether his conviction for criminal recklessness is inconsistent with his not guilty verdict for engaging in a speed contest,

2. whether his conviction was contrary to the evidence and the law,

3. whether the trial court erred by admitting a police officer's estimate of the speed of the vehicles involved.

FACTS

On August 5, 1983, Brinker and Randy Fox (Fox) were at a party in Hendricks County. Both had been drinking. Brinker challenged Fox to a speed contest. Brinker and Fox first raced north on State Road 267 then turned around and raced south on the same road. Fox, in the right lane, moved far ahead of Brinker then slowed down. Brinker passed Fox and moved into the right lane ahead of Fox's vehicle. Fox speeded up, chasing Brinker. Fox's speed was 70–75 mph when Brinker passed him. The speed limit on this portion of S.R. 267 is 45 mph.

Dr. Robert Holden (Holden), after checking for oncoming traffic and seeing the headlights of two vehicles about ½ mile away, pulled onto S.R. 267 in the right lane. Brinker and Fox, speeding in the same lane, overtook Holden's vehicle. Brinker closed to within 10 to 20 feet of Holden's vehicle before swerving to the left lane to avoid collision. Fox, immediately behind Brinker and chasing him, then saw Holden's vehicle for the first time. Because of his speed, Fox could not avoid a collision and slammed into the rear of Holden's vehicle. The impact killed Holden's 9-year-old daughter and injured three others in the vehicle.

Brinker was tried on four counts, namely, Leaving the Scene of a Personal Injury Accident, Reckless Homicide, Engaging in a Speed Contest, and Criminal Recklessness, to-wit: Engaging in a Speed Contest. The jury found Brinker not guilty of the first three offenses, but guilty of the latter.

Other facts necessary to our decision appear below.

DISCUSSION AND DECISION

I. *Inconsistent Verdicts*

Brinker first contends the jury found him not guilty of Engaging in a Speed Contest, thus his guilty verdict for Criminal Recklessness, as charged, is improper. He argues the gravamen of the criminal recklessness charge was engaging in a speed contest. Since the jury found him not guilty of the separate charge of engaging in a speed contest, that result is a specific finding of fact he did not engage in a speed contest, he opines. Thus, he asserts the essential element of the criminal reckless-

ness count, as charged, was not proven. We disagree.

While the differing verdict may appear anomalous in the first instance, we do not speculate on inconsistent jury verdicts. *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269; *Hicks v. State* (1981), Ind., 426 N.E.2d 411, 414. It is not within our purview to attempt to interpret the thought process of the jury. *Douglas v. State* (1982), Ind., 441 N.E.2d 957, 962. Consistency in the verdict is not necessary. Each count is regarded as if it were charged separately. *Dunn v. United States* (1931), 284 U.S. 390, 393, 52 S.Ct. 189, 190, 76 L.Ed. 356; *Hicks*, 426 N.E.2d at 413; *Douglas*, 441 N.E.2d at 962; *Anderson v. State* (1983), Ind.App., 452 N.E.2d 173, 177. That the verdict may have been the result of a compromise is possible, but the verdict cannot be upset by speculation or inquiry into such matters. *Dunn*, 284 U.S. at 394, 52 S.Ct. at 191; *see also Sylvester v. State* (1985), Ind., 484 N.E.2d 1.

The sole question we determine is whether the evidence at trial sufficiently proves the gravamen of the charged offense. Clearly, the evidence here is sufficient to support the criminal recklessness charge. We find no error in this regard.

## II.   *Contrary to Law and Evidence*

Brinker next contends because his vehicle did not strike the Holden vehicle, Fox's vehicle did, there is lack of causation. Brinker's contention is incorrect. The cases he cites as requiring his vehicle to actually make contact with the Holden vehicle before he is accountable do not so hold. It is true the facts in each of the cited cases involve a collision between the defendant's vehicle and that of the decedent, but nowhere did the court so require. What is required is for the death to be the natural result and probable consequence of the commission of the unlawful act upon which the charge is based. *Coffelt v. State* (1974), 159 Ind.App. 485, 489, 307 N.E.2d 497, 500. Such is the case here. The death and injuries were a proximate result of the

speed contest in which Brinker participated.

As the State correctly posits, Brinker's culpability can be predicated upon his status of having induced Fox's actions. Under IC 35–41–2–4, Brinker may be convicted as a principal for having induced Fox to act unlawfully. An accomplice is criminally liable for the acts done by his confederates which were a probable and natural consequence of their common plan, even though the acts may not have been originally intended as part of their plan. *Johnson v. State* (1986), Ind., 490 N.E.2d 333, 334; *Lowery v. State* (1985), Ind., 478 N.E.2d 1214, 1228; *Cary v. State* (1984), Ind., 469 N.E.2d 459, 461. Whether the collision was a probable and natural consequence of Brinker's actions is a question of fact for the jury to resolve. *Young v. State* (1974), 161 Ind.App. 532, 546, 316 N.E.2d 435, 443.

The facts which support the conviction show Brinker challenged Fox to a speed contest. Brinker knew Fox had been drinking and was concerned an accident might occur. (R. 219). Brinker and Fox were both driving at a high rate of speed in the same driving lane, with Brinker in the lead, as they overtook the Holden vehicle. Brinker came to within 10–20 feet of the Holden vehicle before swerving to the left to avoid collision. Fox, who was directly behind Brinker, then saw the Holden vehicle for the first time and could not avoid collision. Fox testified he would not have been heading south at a high rate of speed but for Brinker's challenge to a speed contest.

These facts clearly are sufficient for the jury to reasonably determine Brinker's actions to be the proximate cause of the collision.

## III.   *Expert Opinion*

Brinker finally contends the trial court erred in allowing a police officer, who previously qualified as an accident reconstruction expert, to estimate the speed of Brinker's vehicle because his estimate was hypothetical and based on insufficient

facts. In Brinker's motion to correct errors, however, no such issue was presented. There, Brinker contends only the court improperly qualified the officer as an expert, an issue he does not argue here. Brinker's failure to properly raise the evidentiary issue in his motion to correct errors results in waiver of the claimed error. *Harris v. State* (1985), Ind., 481 N.E.2d 382, 386; *Bergmann v. State* (1985), Ind. App., 486 N.E.2d 653; *Baker v. State* (1985), Ind.App., 483 N.E.2d 772, 776; *Killian v. State* (1984), Ind.App., 467 N.E.2d 1265, 1270.

Affirmed.

YOUNG, P.J., and MILLER, J., concur.