Gary STEPHENS, Appellant,

v.

STATE of Indiana, Appellee.

No. 1184S465.

Supreme Court of Indiana.

April 10, 1987.

Richard Kammen, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal from conviction following a trial by jury of one count of murder and one count of conspiracy to commit robbery. Appellant received concurrent sentences of forty (40) years and thirty (30) years respectively.

There are seven issues presented on appeal: (1) whether the trial court erred in admitting the testimony of witnesses who had previously been hypnotized; (2) whether the testimony of the witnesses who had been hypnotized was merely cumulative evidence; (3) whether the appellant was denied his right to the effective assistance of counsel; (4) whether the pre-trial identification procedure used in the photographic display was unduly suggestive; (5) whether State's witness Lisa Jones had an independent basis for her in-court identification of appellant; (6) whether the evidence was sufficient to sustain the convictions for murder and conspiracy to commit robbery; and (7) whether the trial court erred in denying appellant's motion for a new trial based on newly discovered evidence.

These are the facts from the record which tend to support the determination of guilt: Richard Brooks, an employee of Schweitzer Industries, was found dead on July 28, 1980, at approximately 5:00 p.m.. The cause of death was a gun shot wound to the back. Ronald Johnson had previously been employed by Schweitzer Industries and it was common knowledge among the employees that Brooks carried large amounts of cash on his person. Ronald Johnson's girlfriend, Dawn Thomson, testified on behalf of the State. She testified that she dated Johnson and knew appellant Gary Stephens and Terry King through Johnson and that on July 28, 1980, appellant and King, in a rented silver Olds Cutlass, picked up her and Johnson to go riding around. After stopping at a drugstore and switching seats so that Johnson was

driving, appellant and King told them to stop the car and got out. Appellant was carrying what appeared to be a chrome pipe concealed in a blue towel.

Dawn Thomson asked Johnson where appellant and King were going and he replied that "well, beings as how it looked like Gary [appellant] had a gun, I guess they're going to rob somebody". Thomson and Johnson waited about twenty minutes and then Johnson decided to drive around and look for them. He drove along Pleasant Run Parkway and spotted them coming down the hill of a railroad underpass. He stopped the car and they got in. Both men were pale and sweaty. Dawn asked appellant what happened and he said, "Dawn, he's dead." They were scared, shaking, and appellant was almost crying. King said, "Well, we went in there to rob him, and when Gary told Mr. Brooks to get down it was a hair trigger, he said, and his finger must have hit the trigger, because when he told the man to get down on the floor the gun went off. The man didn't even have the time to get down on the floor."

A local resident testified that he observed a man run from Schweitzer Industries after an explosion and another testified she saw two men run from the building. Further, Marilyn and Lisa Jones saw two men descend from either side of a railroad trestle and get into a silver four-door car. They later identified these men as appellant and Terry King.

## I. & II.

Initially, appellant contends that the trial court erred in admitting the testimony of Marilyn and Lisa Jones, who had been previously hypnotized, and that this testimony was not merely cumulative to other testimony.

▮ Consideration of these issues on appeal has been foreclosed due to the absence of any contemporaneous objection to the identification testimony of either Marilyn or Lisa Jones. *Merrifield v. State* (1980), 272 Ind. 579, 400 N.E.2d 146. Further, the testimony of Marilyn Jones was admissible. Her recollection was not al-

tered in any significant manner following hypnosis. Her testimony at trial closely paralleled her pre-hypnosis statements. It would however have been error to admit the testimony of Lisa Jones over proper objection, since she remembered more details after being hypnotized than before being hypnotized. In *King v. State* (1984), Ind., 460 N.E.2d 947, this court dealt with the same legal challenge to the testimony of Marilyn and Lisa Jones, in the trial of appellant's accomplice Terry King, and in an opinion penned by Justice Pivarnik concluded that if error had occurred in the admission of the testimony of both Marilyn and Lisa Jones, such error was harmless. We likewise conclude here that the assumed error in the admission of the testimony of Lisa Jones, identifying appellant as one of the two men seen near the scene of the crime entering a silver, four-door car, was harmless. This conclusion flows from a comparison of the testimony of Lisa Jones and the balance of the State's evidence of guilt, including the direct testimony of appellant's companion at the crime scene, Dawn Thomson, and that of Marilyn Jones and the other eyewitnesses near the scene. This comparison shows the testimony was cumulative in the legal sense and not prejudicial to the right of appellant to a fair appraisal of guilt upon lawful evidence.

## III

Next, appellant contends that he received ineffective assistance of counsel. The primary contention is that counsel's failure to object to either the testimony of the witnesses previously hypnotized or the testimony of the hypnotist and the failure to ask for an evidentiary hearing to determine if the hypnotism tainted the identification, constituted ineffective assistance of counsel.

In reviewing ineffective assistance claims, the following guidelines must be considered:

"The proper standard for attorney performance is that of reasonably effective assistance. * * * Judicial scrutiny of counsel's performance must be highly deferential. * * * * * * the defendant

must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. * * * A * * * claim * * * has two components. First the defendant must show that counsel's performance was deficient. * * * Second, the defendant must show that the deficient performance prejudiced the defense." *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

■ Neither strand of the *Strickland* test has been met. Counsel's performance was not deficient. The testimony of Marilyn Jones was admissible. Further, counsel requested and was granted an emergency line up. Two of the State's three witnesses failed to identify appellant during the line up procedure. During cross examination, counsel for appellant used that inability to identify appellant to undermine the credibility of the witnesses. This strategy was in accordance with the state of the law at the time of the trial. Further, there is no showing of prejudice to the appellant. The testimony of Lisa Jones was merely cumulative to that of Dawn Thomson and Marilyn Jones, and the balance of the State's circumstantial evidence was supportive of their direct identification testimony. Consequently, appellant received effective assistance of counsel.

### IV

Appellant contends that the pre-trial identification procedure used in the photographic display was unduly suggestive. He asserts it was suggestive because Dawn Thomson had previously initialed the backs of the photographs of King and appellant.

■ Detective Burgess testified that the two witnesses were on opposite sides of the room, had been instructed not to look at the backs of the photographs, and that he observed the witnesses and neither referred to the backs of the photographs. Given this testimony, which was not rebutted, the presence of the initials upon the backs of the photographs does not provide a sufficient basis to support the assertion that the use of the photographs was unduly suggestive.

### V

Appellant also asserts that admission of Lisa Jones' identification testimony was error since there was no independent basis for her in-court identification. As previously discussed, this issue was waived due to the failure to object to her testimony. Further, the error was harmless due to the cumulative nature of the testimony.

### VI

Appellant presents the issue of whether there was insufficient evidence to support the convictions for murder and conspiracy to commit robbery.

"The Court will not weigh the evidence nor judge the credibility of the witnesses. Rather, we will consider only that evidence most favorable to the State and all reasonable inferences to be drawn therefrom which support the verdict. If there is substantial evidence of probative value which would permit a reasonable trier of fact to find the existence of each element of the offense beyond a reasonable doubt, the judgment must be affirmed. *Bowen v. State* (1985), Ind., 478 N.E.2d 44.

■ Appellant asserts that without the testimony of Lisa and Marilyn Jones, there was insufficient evidence for conviction. When a witness has been hypnotized, testimony which is inadmissible is that which is a product of the hypnosis. That which the State can show has an independent basis from the hypnosis remains admissible. The testimony of Lisa Jones was not rendered completely untrustworthy due to the hypnosis. She saw two white males run down the side of the railroad underpass between 3:00 p.m. and 5:00 p.m. on July 28, 1980, and enter a silver car. These facts were not tainted by the hypnosis and support Dawn Thomson's version of the events. Marilyn Jones' description of the individuals was not materially altered by the hypnotic session.

In relation to the identification of appellant through the photo display, the credibil-

ity of these witnesses was heightened by the fact neither identified Ronald Johnson as one of the two men they had seen, even though police admitted placing his picture in several photo displays after receiving information he had been involved in the crime. The testimony given by Marilyn Jones and the other witnesses, resident in the neighborhood, support and strengthen Dawn Thomson's testimony. There was sufficient evidence presented from which the jury could determine appellant committed these crimes.

## VII

The final issue raised by appellant is whether the trial court erred in denying appellant's motion for a new trial based on newly discovered evidence. The newly discovered evidence raised by appellant is that Marilyn Jones told an individual that she had been paid several thousand dollars for her testimony and that Marilyn Jones was aware of a reward offered by Schweitzer Industries for testimony leading to the arrest and conviction of persons responsible for the death of their employee. It is also asserted that Detective Burgess asked one Mable Hardy to lie by testifying that she was at the scene of the crime and saw Terry King and two others leave the scene. Further, appellant asserts that the testimony of State's witnesses in the trials of Terry King and Ronald Johnson was inconsistent with their testimony in appellant's trial.

The standards applied in determining whether an appellant is entitled to a new trial based on newly discovered evidence were stated in *Emerson v. State* 259 Ind. 399, 287 N.E.2d 867:

"An application for a new trial, made on the ground of newly discovered evidence, must be supported by affidavit and such affidavit or affidavits must contain a statement of the facts showing (1) that evidence has been discovered since the trial; (2) that it is material and relevant; (3) that it is not cumulative; (4) that it is not merely impeaching; (5) that it is not privileged or incompetent; (6) that due diligence was used to discover it in time

for trial; (7) that the evidence is worthy of credit; (8) that it can be produced upon a retrial of the case; and (9) that it will probably produce a different result. *Cansler v. State* (1972), 258 Ind. 450, 281 N.E.2d 881: *Tungate v. State* (1958), 238 Ind. 48, 147 N.E.2d 232. In deciding whether a piece of newly discovered evidence would produce a different result the presiding judge may properly consider the weight which a reasonable trier of fact would give it, and while so doing, may also evaluate its probable impact on a new trial in light of all the facts and circumstances shown at the original trial of the case." *Emerson, supra* 287 N.E.2d at 872.

First, it was discoverable prior to trial whether or not Marilyn Jones was aware that a reward had been offered by Schweitzer Industries and this does not constitute newly discovered evidence. Also, the allegation that Marilyn Jones stated she was paid for her testimony is open to different interpretations and merely impeaching, plus is not supported by affidavit.

The affidavit of a Mabel Hardy allegedly asserting Detective Burgess solicited her to give false testimony does not appear as part of the record. Therefore, the unsupported allegations will not be considered.

Appellant also provided no support for the allegation that the testimony of State's witnesses was inconsistent in the three related trials. The unsupported allegations of appellant do not constitute newly discovered evidence.

The conviction is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK, and DICKSON, JJ., concur.