Wayne WILLIAMS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 49 AO2–8601–CR–15.

Court of Appeals of Indiana,
Second District.

Dec. 31, 1986.

Walter E. Bravard, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Judge.

Wayne Williams appeals his convictions of burglary, a class B felony[1] and two counts of theft,[2] raising the issues:

1) whether the verdict of not guilty on one count of burglary is inconsistent with a verdict of guilty on the corresponding theft count; and,

2) whether the evidence is sufficient to sustain the burglary conviction.

We affirm.

## FACTS

In the afternoon of April 23, 1985, the homes of Richard W. Ball and Lavetta Glasco were forcibly entered and property, including a stereo and a video cassette recorder, was taken. The two homes are in the same neighborhood.

## DISCUSSION

### A. Inconsistent Verdicts

Williams contends his conviction for the theft of Ball's property must be reversed because it is inconsistent with his acquittal for the burglary of Ball's house. He argues the acquittal implies factual findings incompatable with the essential factual underpinnings required for a theft conviction.

At the outset, we note there are distinct lines of authority regarding the proper scope of review for an argument based on inconsistent verdicts. One line of authority, typified by *Marsh v. State* (1979), 271 Ind. 454, 393 N.E.2d 757 holds "corrective action" is warranted in the case of "extremely contradictory and irreconcilable verdicts" 393 N.E.2d at 761, but cautions "perfectly logical verdicts should not be demanded." *Id.*

Another line of cases relies on the authority of *Dunn v. United States* (1932), 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356, and holds each count of a multiple count indictment shall be treated as though separately tried, and thus "inconsistent verdicts do not require reversal." *Walton v. State* (1980), 272 Ind. 398, 398 N.E.2d 667, 670.

In *Hicks v. State* (1981), Ind., 426 N.E.2d 411, 413, Justice Prentice, writing for a unanimous court recognized this divergence of authority when he stated, "[t]his court's statements, in its decisions disposing of claims of inconsistent verdicts have not been entirely consistent." The court then adopted the rule that verdicts, no matter how inconsistent, could not form the basis for a reversal.

> "The reason for allowing the jury to render verdicts, that are seemingly inconsistent inheres within our system of jurisprudence. The jurors are the triers of fact, and in performing this function, they may attach whatever weight and credibility to the evidence they believe is warranted. A jury verdict of acquittal is binding no matter how strong the State's evidence is against the accused."

426 N.E.2d at 414.

Although the issue of inconsistent verdicts was seemingly laid to rest by *Hicks*, subsequent decisions of the court have expressed some continued divergency. For example, in *Dorsey v. State* (1986), Ind., 490 N.E.2d 260, 269, the court endorsed the *Hicks-Walton* view:

> "This Court will not attempt to interpret the thought processes which the jury need to arrive at their verdict. . . .

---

**1.** Ind.Code Ann. § 35–43–2–1 (Burns 1985).

**2.** Ind.Code Ann. § 35–43–4–2 (Burns 1985).

This Court will not speculate on inconsistent jury verdicts. (citations omitted)" (citing *Hicks*, opinion by DeBruler, J., unanimous court). However, in *Townsend v. State* (1986), Ind., 498 N.E.2d 1198, the court adopted the *Marsh* view: "This court has looked and will continue to look at findings and verdicts to determine if they are inconsistent." (opinion by Dickson, J., all justices concurring on this issue, Givan, C.J., Pivarnik, J., dissenting on other grounds).

■ Here, both the *Hicks* and the *Marsh* view compel the same result. Burglary requires a breaking and entering with the intent to commit a felony while theft requires the unauthorized control of another's property with the intent to deprive the rightful owner of at least some of the value of the property. It is not necessary to burglarize the residence in which the property is originally located to commit theft. Williams could have been found not guilty of burglary because the jury had a reasonable doubt as to whether he broke into the residence. This doubt would not preclude the jury from finding Williams exerted unauthorized control over the property of another with the intent to deny the owner its value. Consequently, the verdicts on the burglary and theft counts are not inconsistent.

### B. Sufficiency of the Evidence

■ Williams contests the sufficiency of the evidence supporting his burglary conviction on two grounds.[3] He first argues because the jury found insufficient evidence to convict him of the Ball residence burglary, the evidence finding him guilty of the burglary of the Glasco residence must also have been insufficient. The Glasco and Ball residence burglaries were separate events. Consequently, an acquittal on one implied nothing with respect to the burglary of the other residence.

■ Next, Williams argues there is insufficient evidence to establish his identity as the burglar. Our standard in addressing a sufficiency argument is well settled. We do not weigh the evidence or the credibility of the witnesses. If, viewing the evidence favorably towards the judgment, there is evidence from which a fact finder could find each essential element of the crime beyond a reasonable doubt, the judgment stands. Further, a judgment may be supported by only circumstantial evidence. *Brooks v. State* (1986), Ind., 497 N.E.2d 210.

Here, as Mrs. Glasco and Mr. Ballard were returning to Glasco's residence after a half-hour absence, they observed Williams's fifteen year old brother, Darrell Moore, and another boy Moore's age in the Glasco side yard. Also, they observed Williams in a car stopped and blocking traffic directly in front of the Glasco house. As Glasco and Ballard approached the house, Williams sped away and then parked in an alley across the street. In Glasco and Ballard's absence, a window had been broken, the adjacent front door unlocked, property taken from the house, and other property left in the front yard. The next day, a Mr. Stevenson saw a stereo at Williams's house, which was later identified by Glasco as that taken from her home. Mr. Stevenson reported Williams stated his brother was going to keep the stereo.

At trial, Williams admitted being in a car in front of the Glasco house that afternoon and admitted the two younger boys were in the side yard between the Glasco residence and a neighbor's house, although Williams denied he or the boys were involved in the burglary and theft. From this presence, coupled with the fact some Glasco property was left in the lawn, suggesting an interrupted "job", and the fact the stolen stereo was in the possession of Williams and his brother, the jury could reasonably have concluded Williams participated in the burglary of the Glasco residence as a lookout and/or driver of the "get-away" vehicle.

Judgment affirmed.

BUCHANAN, C.J., and SULLIVAN, J., concur.

---

**3.** Williams does not argue the evidence supporting the theft convictions is insufficient.