**Donald BRIDWELL, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

**No. 84A04–8611–CR–327.**

Court of Appeals of Indiana, Fourth District.

May 18, 1987.

Rehearing Denied July 16, 1987.

John A. Kesler II, Terre Haute, for appellant.

Linley E. Pearson, Atty. Gen., Richard C. Webster, Deputy Atty. Gen., Indianapolis, for appellee.

YOUNG, Judge.

Donald Bridwell was convicted of three counts of dealing in marijuana. On appeal, Bridwell asserts:

  1) the trial court erred in refusing to permit him to cross-examine a police officer concerning omissions the officer made in his application for employment and in excluding the application from the evidence;

  2) the trial court erred in declaring a mistrial when Bridwell informed the jury he had passed a polygraph test and in retrying him after declaring the mistrial;

  3) the trial court erred in refusing to instruct the jury that where the prosecution's case is based upon the testimony of one witness that testimony must be unequivocal; and

  4) the sentence imposed is manifestly unreasonable.

We affirm.

On March 20, 1984, James Clayton filled out an application for employment with the Terre Haute police department. The application required Clayton to list the date and details of any arrests or detentions by law enforcement agencies. Clayton listed minor consumption, a parking ticket and a broken tail light. The application contained the following statement above Clayton's signature:

I certify there are no misrepresentations, omissions, or falsifications in the foregoing statements and answers, and that the entries made by me above are true, complete, and correct to the best of my knowledge and belief and are made in good faith.

In May of 1984, Clayton was approached apparently to investigate for the Terre Haute Police Department the "alleged use and sale of controlled substances on the Terre Haute Fire Department." (R. 257) He was sworn in as a fireman on May 31, 1984, but was not sworn in as a police

officer until July 3, 1984. Clayton's first assignment for the police department was to investigate the usage and sale of controlled substances on the Terre Haute Fire Department. Clayton's investigation resulted in at least ten arrests, including Bridwell's.

Bridwell's first trial began on November 5, 1985 but a mistrial was declared when Bridwell informed the jury that he had passed a polygraph test as to his whereabouts on one of the days he allegedly sold marijuana to Clayton. At the second trial, Clayton testified that Bridwell had sold him marijuana on three occasions. Clayton was the only witness who testified against Bridwell regarding the transactions.[1]

On cross-examination, Bridwell asked Clayton if there were any misrepresentations, omissions or falsifications in his application for police employment. Clayton admitted that there were but stated that he believed his answers were true, complete and correct at the time he submitted the application. When Bridwell attempted to submit the application into evidence, the trial court sustained the state's objection. During Bridwell's offer to prove, Clayton admitted that he had omitted the following charges from his application: trespassing, contributing to the delinquency of a minor, possession of paraphernalia, possession of marijuana and public intoxication. Of the omitted charges, Clayton was convicted of contributing to the delinquency of a minor and public intoxication.

During his case-in-chief, Bridwell attempted to prove that he was in Indianapolis on the day one of the alleged transactions was to have occurred.[2] The jury, however, convicted Bridwell on all three counts. Bridwell was sentenced to a year on each count with the sentences to run concurrently.

Bridwell first contends that the trial court erred in excluding Clayton's application from the evidence and in refusing to permit him to cross-examine Clayton as to the extent of omitted information on that application. Bridwell essentially argues that the jury could not accurately judge Clayton's credibility because it was never informed that Clayton had omitted several material facts from his application.

The trial court has broad discretion in determining the permissible scope of cross-examination to test the credibility of a witness, *Bredemeier v. State* (1984), Ind.App., 463 N.E.2d 1138, and therefore will only be reversed where that discretion is abused. *Davis v. State* (1983), Ind., 456 N.E.2d 405. Bridwell cites *Poore v. State* (1986), Ind., 501 N.E.2d 1058, for the proposition that such an abuse occurred in this case.[3]

■ In *Poore*, our supreme court held that the trial court abused its discretion by not allowing a defendant to question a witness about a prior statement.[4] In reversing, the court stated:

> Appellant's conviction rested in a substantial way on the testimony of Goodwin, a barely credible witness. On a matter so critical as this, the trial court should have allowed the presentation of this evidence. Considering the importance of the evidence defendant wished

---

1. While another police officer testified against Bridwell, her knowledge of the transactions was limited to information Clayton gave her and observing Clayton enter and exit the fire station. (R. 332)

2. Bridwell was a member of the army reserves and a witness who was a member of the U.S. Army testified that Bridwell was, in fact, in Indianapolis on that particular day. Officer Clayton, however, testified the sale took place between 7:00 and 8:00 a.m. while the witness testified that he first saw Bridwell in Indianapolis approximately between 8:00 a.m. and 9:00 a.m.

3. *Poore* was handed down between the time Bridwell filed his original brief and his reply

brief. We would like to commend Bridwell's counsel for updating his research and bringing *Poore* to our attention in his reply brief.

4. *Poore's* conviction rested upon the testimony of Goodwin, Poore's alleged accomplice. Apparently, Goodwin had told a fellow inmate that he would lie about Poore's participation in the crime in order to receive a better plea bargain. While the inmate had testified in his deposition that Goodwin admitted lying, he failed to testify in court about Goodwin's admission. The state objected to Poore's efforts to question the inmate about his previous statement and the objections were sustained by the trial court.

to present and its possible impact on the jury's determination, the court abused its discretion.

*Id.* at 1062. While this case is similar to *Poore* in that the conviction rested substantially on the testimony and therefore the credibility of one witness, there is a critical distinction between the two cases. In *Poore*, the defendant questioned the witness regarding the prior statement either to refresh his recollection or impeach his truth and veracity by showing that his in-court testimony was inconsistent with his prior statement. The supreme court specifically noted that the questions were permissible for either purpose. *Id.* at 1061 citing IND.CODE 34-1-14-15 and *King v. State* (1973), 260 Ind. 422, 296 N.E.2d 113. In this case, however, Bridwell was attempting to impeach Clayton's truth and veracity by a prior act of misconduct which had not been reduced to a conviction.[5] Although such impeachment would have been permitted under the federal rules,[6] it is not permitted in Indiana. *Randall v. State* (1983), Ind., 455 N.E.2d 916.

Federal Evid. rule 608(b) provides:

(b) Specific instances of conduct.—Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in rule 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of his privilege against self-incrimination when examined with respect to matters which relate only to credibility.

The federal courts, including the Seventh Circuit, and legal scholars are in agreement that perjury, false statements, and false swearing are probative of truthfulness or untruthfulness. *United States v. Varelli* (1969), 7th Cir., 407 F.2d 735, 751; *Lewis v. Baker* (1975), 2nd Cir., 526 F.2d 470 (false statement in employment application); McCormick, (1974) Evidence § 42 at 87; Wigamore, (3rd Ed.1940) Evidence § 982; Ladd, "Credibility Tests—Current Trends," (1940) 89 U.Pa.L.Rev. 166, 180. *See also* Weinstein and Berger, Weinstein's Evidence § 608(5) pp. 608-32 to 608-33. Similarly, an incomplete statement has been held to be probative of truthfulness or untruthfulness. *United States v. Senak* (1975), 7th Cir., 527 F.2d 129, cert. den. (1976), 429 U.S. 907, 96 S.Ct. 1500, 47 L.Ed.2d 758 (omission of attorney fee from income tax return). Further, documentary evidence of the act of misconduct has been held admissible even though it constitutes extrinsic evidence. *Id.* (income tax return).

It would be inappropriate to allow a witness' truthfulness and veracity to be impeached by specific acts of misconduct in every case.[7] This case, however, illustrates that it is equally inappropriate to prohibit totally such impeachment. Many jurors reasonably might give more weight to the testimony of a police officer, presuming that a person selected for that position is not only a law-abiding citizen but an honest one.[8] The officer in this case, how-

---

5. Bridwell asserts that he did not wish to question Clayton regarding prior criminal arrests or convictions but merely the false statements which Clayton made regarding those arrests and convictions. (Reply Brief, p. 1) The false statements are, however, acts of misconduct and we have therefore discussed them as such.

6. This type of impeachment is permitted not only in federal courts but in the majority of state courts as well. *See* Weinstein and Berger, Weinstein's Evidence (1985) § 608(5) p. 608-27.

7. At least one legal scholar has suggested that "it is appropriate to limit attacks on the defendant while permitting freer inquiry against other witnesses." Weinstein and Berger, Weinstein's Evidence (1985) § 608(5) p. 608-35.

8. We realize that the supreme court does not permit instructions on witness credibility which comment upon the weight to be given to the testimony of police officers. *Collins v. State* (1983), Ind., 453 N.E.2d 980. It must be noted in this case, however, that one juror was the wife of a retired police officer. When asked on

ever, "omitted" from his police application several charges for which he had been arrested.[9]  Knowledge of this fact may have had an impact on the weight the jury gave Clayton's testimony especially since the conviction rested in a substantial way upon Clayton's testimony.

■  The federal rule recognizes that it is not always appropriate to permit or prohibit impeachment of witnesses' truth and veracity by prior acts of misconduct.  The rule therefore places the determination within the discretion of the trial court and an abuse of that discretion must be shown to warrant reversal.  Under Indiana law, however, we do not reach the issue of whether the trial court abused its discretion.  Our supreme court has held that impeachment of a witness' truth and veracity may be based only upon his general reputation and not upon specific acts of misconduct.  *Randall v. State* (1983), Ind., 455 N.E.2d 916.  We therefore are compelled to follow the ruling precedent of this state and hold that the trial court properly excluded Clayton's application and limited Bridwell's cross-examination of Clayton regarding the information Clayton omitted on that application.

■  Bridwell next argues that the trial court erred in declaring a mistrial and in retrying him after the mistrial was declared.  We disagree.  A trial court has the authority to declare a mistrial where a manifest necessity exists for doing so.  *White v. State* (1984), Ind., 460 N.E.2d 132.  Such a necessity has been found to exist where a witness informs the jury of the result of a polygraph examination.[10]  *Patterson v. State* (1986), Ind., 495 N.E.2d 714.

The mistrial may be declared over the defendant's objection, and double jeopardy does not bar a retrial where the trial court properly exercises its discretion in declaring the mistrial.  *Id.*  Bridwell's divulgance to the jury of his success on the polygraph examination was a valid basis for a mistrial and therefore his retrial was not barred by double jeopardy.

Bridwell also argues that the trial court erred in refusing to instruct the jury that where the prosecutor's case is based solely on the testimony of one witness that testimony must be unequivocal.  When determining whether error resulted from the refusal to give a tendered instruction, we consider whether 1) the tendered instruction is the correct statement of the law, 2) the evidence supports the giving of the instruction and 3) the tendered instruction is substantially covered by other given instructions.  *Eddy v. State* (1986), Ind., 496 N.E.2d 24.  Bridwell's tendered instruction fails to meet the first two considerations.

■  Bridwell requested that the trial court give the following instruction: "Where a prosecution's case is based solely on testimony of one witness, that testimony must be unequivocal."  This is not a correct statement of the law.  While Bridwell bases the language contained in this instruction on *Richardson v. State* (1979) 270 Ind. 566, 388 N.E.2d 488, our supreme court has limited the application of *Richardson* to cases in which the equivocal testimony relates to the witness' identification of the defendant rather than collateral matters.  *Kelley v. State* (1985), Ind., 482 N.E.2d 701, 703.  Furthermore, the evidence in this case does not warrant the giving of such an instruction as Bridwell

---

voir dire whether police officers are on a higher status than other people in our society and if their testimony should be given greater weight than other people's, this juror responded, "I think you should be able to look up to them." (R. 246–247)  Unfortunately, Bridwell's attorney failed to elicit whether this juror would actually give more weight to the testimony of police officers.  Bridwell's attempt to excuse this juror for cause failed.

**9.**  This is particularly crucial in this case as the facts indicate that Clayton was initially hired on the police department for the specific investigation which led to Bridwell's arrest and conviction.

**10.**  Absent waiver or stipulation between the parties, administration of a polygraph examination and its results are inadmissible.  *Wallace v. State* (1983), Ind., 453 N.E.2d 245.

does not allege nor can we find any uncertainty in Clayton's testimony. The trial court therefore properly refused the instruction.[11]

■ Lastly, Bridwell contends that the sentence imposed by the trial court is manifestly unreasonable. He supports this argument with the fact that several mitigating circumstances were present and the fact that other convicted firemen received lesser sentences. Neither of these facts is persuasive. The finding of mitigating circumstances is discretionary with the trial court. *Sylvester v. State* (1985), Ind., 484 N.E.2d 1, 3. In addition, a sentence will not be revised unless it is manifestly unreasonable in light of the offense and the character of the offender. Ind.Rules of Appellate Review of Sentences, Rule 2. It therefore would be inappropriate for us to compare Bridwell's sentence to that of other offenders as we have no basis for determining their character.[12] "A sentence is not manifestly unreasonable unless no reasonable person could find it appropriate to the particular offense and offender for which it was imposed." *Id.* Bridwell was given the presumptive sentence on all three counts. IND.CODE 35–48–4–10(a)(1); IND.CODE 35–50–3–2. Given that our legislature has determined that, absent aggravating or mitigating circumstances, a one-year sentence is appropriate for dealing in marijuana and that the trial court is not required to find mitigating circumstances,

Bridwell's sentence is not manifestly unreasonable.

Affirmed.

CONOVER, P.J., and MILLER, J., concur.

---

**11.** Bridwell also contends that the trial court erred in refusing to instruct the jury that "where the evidence of guilt rests on the testimony of one person, the testimony should be closely scrutinized." In support of this instruction, Bridwell cites the concurring opinion by Justice Hunter in *Staton v. State* (1981), Ind., 428 N.E.2d 1203, 1211–1212. A concurring opinion, however, is not the law of the case.

In addition, the cases cited by Justice Hunter dealt with the identification of the defendant, *Richardson v. State* (1979), 270 Ind. 566, 388 N.E.2d 488; *Lottie v. State* (1974), 262 Ind. 124, 311 N.E.2d 800; *Gaddis v. State* (1969), 253 Ind. 73, 251 N.E.2d 658, or uncorroborated testimony which was so incredible as to be unbelieva-

ble. *Penn v. State* (1957), 237 Ind. 374, 146 N.E.2d 240. It should also be noted that Justice Hunter stated, "This court must be particularly vigilant where a conviction is supported by the testimony of one eyewitness." *Staton, supra* at 1212 *quoting Gaddis,* 253 Ind. at 80, 251 N.E.2d at 661. This statement indicates that the testimony must be closely scrutinized by the appellate court rather than by the jurors in deciding the case. This indication is supported by the fact that we have found no cases in which a "close scrutiny" instruction was given.

**12.** Further, the firemen were not all sentenced for the same offense.