Alvin WILSON, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8602–CR–139.

Supreme Court of Indiana.

Aug. 18, 1987.

Sheila Suess Kennedy, Mears Crawford Kennedy & Eichholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, John D. Shuman, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant for Theft, a Class D felony, for which he received a two (2) year sentence, which was enhanced by thirty (30) years due to a finding that appellant is an habitual offender.

The facts are: Between 10:00 p.m. on January 3, 1984, and 6:20 a.m. on January 4, 1984, the First Baptist Church located at 8600 North College Avenue in Indianapolis was burglarized. On the morning of January 4, a member of the church's administration found an outside door ajar, an inside glass door to the church office smashed and a fire extinguisher on the floor. A ground floor window had been broken. Upon investigation, it was discovered that two IBM typewriters and two brass lamps had been removed from the church office. There was blood found on the draperies which hung on the door.

Annette Lewis testified that during the night of January 3 she awakened to hear appellant, her boyfriend, come in and out of her home several times before he went to bed. The next morning Lewis found two typewriters and two lamps in her home. Because their relationship had become disharmonious, Lewis stopped a policeman on the street to assist her in removing appellant from her home on the evening of January 5.

Police entered her home where they found appellant and the property, which they recognized as the same property as that missing from the church. One of the

typewriters had the church's name on the bottom.

Lewis gave police a pair of men's socks which were stained with blood. She told them that appellant used them as gloves.

Police photographed appellant's hands because they were marked with fresh cuts. Also police photographed the lamps and typewriters, one of which was dotted with dried blood. Then the goods were taken to police headquarters.

The jury heard testimony from Byron Vaughn, a truck driver employed by Allison Gas Turbine Operations. Vaughn and appellant were co-workers in the 1960s and have been friends since then. Vaughn stated that on January 4, 1984, he conversed with appellant outside a building in which he and appellant periodically gambled. Vaughn said he also met Ronald Jackson there, who had some office equipment and other items for sale in the back of his station wagon. Vaughn testified that appellant paid approximately $300 for two typewriters, two brass lamps and a brief case. Vaughn was shown a handwritten receipt on which the following was recorded:

"Receipt for A.W. Wilson 1–4–84
2 IBM Typewriters
2 Brass Lamps
1 Brief Case
　Total Price $285.00
　Ronald Jackson"

Vaughn testified this was the receipt received from Ronald Jackson. Vaughn said he helped appellant transport the goods to Lewis' home.

Appellant's father, Booker Wilson, testified that several days after his son was arrested he went to the police office to retrieve appellant's billfold because it contained the receipt. Booker said he held the receipt without mentioning it to anyone until the day before the trial, October 15, 1984. Police testified that at no time during their investigation of the Lewis residence did appellant offer the receipt as proof that he purchased the property.

Appellant first argues that the evidence was insufficient to support the verdict of the jury. Specifically, appellant claims the fact that he possessed the stolen goods after the church was burglarized was insufficient to find him guilty of theft, in light of the fact that appellant offered an explanation for his possession of the stolen goods.

 The unexplained possession of recently-stolen property is a fact from which the jury may infer guilt as to theft. *Prentice v. State* (1985), Ind., 474 N.E.2d 496. Exclusive possession of stolen goods may be proven by circumstantial evidence. On review, we do not have to find that the circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence, but only that an inference may reasonably be drawn therefrom which supports the finding of the jury. *Id.*

Appellant argues that the testimony of Vaughn and his father along with the existence of the receipt show that he was not guilty of theft. This argument is asking the Court to determine whose account of the story is true. As it was the duty of the jury to determine which account was the most believable, this Court will not reweigh the evidence nor judge the credibility of witnesses. *Muse v. State* (1981), Ind., 419 N.E.2d 1302.

The jury accepted the State's version as true. The verdict will not be reversed on this issue.

Appellant next contends that a new trial should be granted because of prosecutorial misconduct. The State made comments twice during final argument referring to the possibility that the jury could find appellant guilty of either theft or of receiving stolen property. The information shows that appellant was charged only with theft as defined in Ind.Code § 35–43–4–2(a), and not with receiving stolen property, which is defined in § 35–43–4–2(b).

 In cases of alleged prosecutorial misconduct in final argument to the jury, this Court will consider all the circumstances and determine whether the defendant was placed in a position of grave peril. Whether the statement to the jury subjected the defendant to grave peril is deter-

mined by the probable persuasive effect of the misconduct on the jury's decision. *Riley v. State* (1981), Ind., 427 N.E.2d 1074.

After the first alleged prosecutorial misstatement, the court admonished the jury to follow only the instructions on the law and not what either counsel said the law was. When the State later told the jury that they could find that appellant knowingly purchased stolen property at a gambling house, appellant made no objection.

The trial judge then gave the jury instructions regarding the elements of theft, and not the elements of receiving stolen property.

■ Although the conduct of the prosecutor was improper in not confining his argument to the specific charges brought against appellant, we cannot hold that appellant was placed in a position of grave peril which merits a new trial. The court's admonition to the jury alleviated any persuasive effect the prosecutor's statement may have had on the jury's decisions. *See Ward v. State* (1982), Ind., 438 N.E.2d 966.

Additionally, appellant made no objection to the prosecutor's second statement. If no objection is made at the time the comment is made, the defendant waives that issue. *Didio v. State* (1984), Ind., 471 N.E.2d 1117. No new trial will be granted based on prosecutorial misconduct.

Appellant argues that it was reversible error to permit the State to amend the information to include an habitual offender count.

On January 4, 1984, the State filed the information charging appellant with burglary and theft. The first motion to amend the information was filed on May 23, 1984, for the purpose of alleging that appellant is an habitual offender. On October 12, 1984, the State filed a second motion to amend the information, for the purpose of correcting the venue for one reported prior felony.

Indiana Code § 35–34–1–5(c), in relevant part, states that the court may, at any time before, during, or after the trial permit an amendment to the indictment or information in respect to any omission which does not prejudice the substantial rights of the defendant.

■ In appellant's case, approximately four and one-half months lapsed between the date on which the habitual offender charge was filed and the first day of trial. Because the habitual criminal statute does not impose punishment for a separate crime but enhances the penalty for the felony charged, and because appellant was given adequate time to prepare his defense for the charge, the amendment did not prejudice his substantial rights. *Gilmore v. State* (1981), 275 Ind. 134, 415 N.E.2d 70.

Appellant next contends the amended information charging him as an habitual offender denied him a fair trial, which necessitates a reversal of the jury verdict. Appellant complains of the introduction of an affidavit alleging he had committed burglary, when in fact he was convicted of the lesser included offense of entry with intent to commit a felony.

In addition to the affidavit, the State presented the following evidence to support the habitual offender charge: a March 1977 commitment for first degree burglary with a sentence of one to five years, a May 1978 commitment for attempted theft with a sentence of two years, and an October 1981 commitment for burglary with a five-year sentence.

■ It is necessary that the State bring forth only two prior unrelated felony convictions to establish the defendant as an habitual offender under Ind.Code § 35–50–2–8(a). *Minneman v. State* (1983), Ind., 441 N.E.2d 673. Proof of three or more felony convictions is mere surplusage. *Id.*

The State did establish appellant's two prior unrelated felonies and the introduction of additional felonies and lesser included offenses did not prevent appellant from receiving a fair trial.

Appellant also contends that an improper communication occurred between the jury and the bailiff which should warrant a new trial.

In a hearing on the motion to correct error, appellant's counsel testified that the bailiff told him the following:

"that the Jury had previously contacted him. And, asked him whether or not they could find him Guilty of one Count and Not Guilty of another Court [sic]. And, he informed me that he told them that they could. Go ahead...."

The bailiff testified that when the jury asked him that question, he told them they would have to read their instructions, and that was all he told them.

An affidavit by the jury foreman was submitted into evidence, which reported that he recalled the bailiff's indication that any information the jury requested regarding that question was contained in the papers (instructions) on the table before them.

Appellant urges that if the bailiff said "[g]o ahead", this comment improperly persuaded the jury to find him guilty. Additionally, appellant asserts that the communication to the jury violated the procedures set forth in Ind.Code § 34-1-21-6, which requires that the jury's questions be answered in court, in the presence of both parties.

When such communication occurs outside of the defendant's presence, there is a presumption of harm to the defendant that the State must rebut to avoid reversal. *Alexander v. State* (1983), Ind., 449 N.E.2d 1068.

This Court does not condone communication between the trial court and the jury without calling all parties into court. The State may, however, avoid reversal if we are satisfied that no harm or prejudice resulted from the communication. *Id.*

In this situation, we again are asked to reweigh the credibility of the witnesses and make a decision as to whose testimony is the most believable. This determination is for the trier of fact. *Muse, supra.* The trial court judge believed the bailiff's testimony and the foreman's affidavit. The bailiff's statement to the jury, which directed them to refer to their instructions, was innocuous and not prejudicial to appellant. *Alexander, supra; Foster v. State* (1977), 267 Ind. 79, 367 N.E.2d 1088.

Appellant claims the court erred in allowing a witness to refresh his recollection from a memorandum when he testified. Officer Jesse Beavers answered certain questions after he referred to the incident report he made the night he discovered the stolen property.

Beavers testified that his independent recollection of his report was that Lewis stopped him on the street and advised him that someone had broken into her house and she was en route there, and wanted him to accompany her. When asked whether he could name the person who stopped him, Beavers said he would have to look at his notes. Appellant objected, contending that Beavers had no independent recollection of her name. The objection was overruled and Beavers was allowed to read her name to refresh his recollection. Beavers went on to testify in detail about finding the stolen property in Lewis' house, the cuts on appellant's hands, the blood on the socks and typewriter and several other facts.

From his testimony it is clear that Beavers could recall the events which occurred that night and his writing a report of the incident, but he could not recall the name of the woman who stopped him on the street.

A written memorandum may be used to refresh the recollection of a forgetful witness, but the memorandum cannot be substituted for the memory of the witness. *Gaunt v. State* (1983), Ind., 457 N.E.2d 211.

Here the witness used the memorandum to recall incidental details, not as a substitute for his memory in testifying about the entire incident. Therefore, it was not error to allow the witness to refresh his recollection on certain details by referring to his report.

Next appellant contends the jury's two verdicts are inconsistent so they should be reversed. Appellant argues that it is impossible for the jury to find that he is guilty of theft of church property when he was found to be not guilty of burglarizing the church.

Appellant's complaint is without merit because the two verdicts are not in-

consistent. Burglary requires a breaking and entering with the intent to commit a felony. Theft requires the unauthorized control of another's property with the intent to deprive the owner of the property. The jury could have had a reasonable doubt as to whether appellant broke into the church, but this doubt would not have precluded the jury from finding that appellant exerted unauthorized control over the property of another with the intent to deprive them of its value. *See Williams v. State* (1986), Ind.App., 501 N.E.2d 1146. The verdicts were not so inconsistent as to require reversal. *Id.*

Finally, appellant contends the trial court erred in denying his motion to correct error on the basis of newly-discovered evidence. In his amendment of the motion to correct error, appellant simply states that newly-discovered evidence, being the testimony of one Sergeant William Bryant, was not known to the defendant at the time of the trial and that it would result in defendant's acquittal.

■ Relief by a new trial when evidence is newly-discovered is authorized in Ind.R.Tr.P. 59(A)(6). To gain such relief, the evidence must meet a nine-part test: 1) that the evidence has been discovered since the trial; 2) that it is material and relevant; 3) that it is not cumulative; 4) that it is not merely impeaching; 5) that it is not privileged or incompetent; 6) that due diligence was used to discover it in time for trial; 7) that the evidence is worthy of credit; 8) that it can be produced on a retrial of the case; 9) that it will probably produce a different result. *Wiles v. State* (1982), Ind., 437 N.E.2d 35.

Appellant has presented no evidence from which to determine whether each of these nine requirements has been met. The trial court did not err in denying the motion to correct error.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.