**Philip BRANT, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

No. 45A03–8803–CR–69.

Court of Appeals of Indiana,
Third District.

March 20, 1989.
Transfer Denied May 31, 1989.

Daniel L. Bella, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

Philip Brant is appealing his conviction of theft, a Class D felony. IND. CODE § 35–43–4–2 (1985 Supp.) After a jury verdict, Brant was sentenced to a term of two years. Here, on appeal Brant raises several issues which can be restated as:

(1) whether the evidence is sufficient to sustain the judgment; and

(2) whether Brant was denied a fair trial by the State's alleged failure to disclose a witness's criminal history.

The facts most favorable to the jury's verdict tend to establish that Brant was hired by Bruce Cooper to work as a car salesman at Cooper's B & K Auto Sales in Crown Point, Indiana. Brant was to be paid solely on a commission basis, although he also performed occasional mechanical repair work, for which he was paid directly. Additionally, Cooper permitted his employees, including Brant, to use his cars for personal errands.

On April 30, 1987, Cooper became aware of a car that was for sale for $150.00. He knew that Brant's car had recently broken

down and consequently Cooper and Brant agreed that Cooper would buy the car for Brant. In turn, Brant was to pay for the car by performing certain specified mechanical repairs on other cars at the lot and by earning sales commissions. Pursuant to this agreement, Brant took Cooper's check to the car's seller and returned with the car and the title which had been endorsed with Brant as the purchaser, but was not notarized. Cooper testified that he was unaware of the endorsement, and although he let Brant freely use the car, Cooper put the document in his desk with the titles for the other vehicles in his inventory.

Over the next week Brant's work habits became erratic. He only occasionally appeared at the car lot, and he did none of the work specified by his agreement with Cooper. Another car lot employee testified that on May 5, 1987, Brant came to the office and spoke with Cooper on the phone. Cooper testified that the conversation was a heated argument about Brant's poor job performance. After the argument Brant turned to the other employee and said, "I'll settle with Bruce later." Brant then removed the title for the car from Cooper's desk and left the lot.

After this, Brant did not reappear at the lot, nor did he make any attempt to contact Cooper. Sometime shortly afterwards, Brant tried to trade the car. Brant was unsuccessful, because he altered the title and used a false affidavit which the license branch detected and refused. Brant was ultimately charged with and convicted of stealing the automobile title.

Brant's initial argument, here on appeal, is that there is insufficient evidence to support his conviction for theft of the title. To sustain a conviction for theft there must be proof that the defendant exerted unauthorized control over another's property with intent to deprive the owner of the property's value or use.

IND. CODE § 35–43–4–2 (1985 Supp.); *Wilson v. State* (1987), Ind., 511 N.E.2d 1014. In the present case, Brant does not dispute the essential facts, but he does argue that the title is not "property" as meant by the theft statute, that he did not

exert control over another's property, and that he did not have the requisite criminal intent when he took the title from Cooper's desk.

As always, when reviewing the sufficiency of the evidence, this Court will not reweigh evidence or judge witness credibility, but instead will only look to the evidence and reasonable inferences most favorable to the jury's verdict, to see if there is substantial evidence supporting the judgment. *See e.g. McBroom v. State* (1988), Ind., 530 N.E.2d 725. Application of this standard to the present case demonstrates that the jury was presented with sufficient evidence on which it could have based its verdict.

■■■ IND. CODE § 35–41–1–2 (1982 Ed.) states, in part, that " '[p]roperty' means anything of value." In *Busam v. State* (1983), Ind.App., 445 N.E.2d 118, this Court held that there only need be evidence from which the jury could have inferred that the item in question had value. There is no requirement that the item have any particular value or that a specific value be proven. In this case, defense counsel, on cross-examination of Cooper, established that it would cost money to replace the title that Brant took. This is sufficient evidence from which the jury could have inferred that the title had value and, therefore, was property within the meaning of the theft statute.

■■ There is equally sufficient evidence from which the jury could have inferred that Brant exerted control over another's property. Contrary to Brant's argument, the State was not required to prove that Cooper was the absolute owner of the title. Instead the State only needed to establish that Cooper was in rightful possession of the title. *Bridges v. State* (1983), Ind., 457 N.E.2d 207. Review of the facts presented reveals that although Brant had an interest in the car, Cooper rightfully possessed the title. The agreement between Cooper and Brant provided that Cooper would retain the title until payment was made. Since payment had not been made, Cooper was still the rightful possessor when Brant

wrongfully removed the title, and the jury did not err.

■ Brant also argues that there was insufficient evidence as to his criminal intent. As repeatedly stated, intent is a mental function and without a confession, it must be determined from a consideration of the conduct, and the natural consequences of the conduct. *See State v. McGraw* (1985), Ind., 480 N.E.2d 552. With this and the general standard for reviewing sufficiency questions in mind, it is clear that the State met its burden.

The evidence presented to the jury establishes that Brant failed to perform any part of his agreement with Cooper, he took the title at the end of an obviously deteriorating employment relationship and he later attempted to rid himself of the car by altering the title with a false affidavit. Also Brant failed to "settle with Bruce" as he told his fellow employee when he removed the title. All of this evidence leads to the inescapable inference that Brant knew his control over the title was unauthorized and that he intended to deprive Cooper of the title's value. The fact that he did not take the title surreptitiously does not, as Brant argues, refute the finding of intent, since logically, Brant knew that without fulfilling his bargain with Cooper, he had no right to take the title. Accordingly, the jury's determination was supported by sufficient evidence.

By his final issue, Brant argues that he was denied a fair trial by the State's alleged failure to disclose the criminal history of the complaining witness. In support, Brant points to the trial court's discovery order, which required disclosure of any witness's criminal history. Brant contends that the State violated this order by not informing him of Bruce Cooper's alleged criminal record. This, Brant argues further, denied him an opportunity to impeach the credibility of the lead prosecution witness.

■ Normally, only prior misconduct that has been reduced to a criminal conviction can be used to impeach witness credibility. *Bridwell v. State* (1987), Ind.App., 507 N.E.2d 644. The only basis in the record, and on appeal, for Brant's charge is apparently hearsay evidence, cited in the motion to correct errors, to the effect that Cooper had been suspected of criminal activity. There is no evidence or contention that Cooper had been convicted or even charged with any crime nor does Brant contend that the State was even aware of these suspicions. On this evidence it would be impossible to hold that the State violated the discovery order, and any prejudice or harm to Brant's defense is, at most, speculative.

There being no other issue raised and no error found, this case is affirmed.

AFFIRMED.

GARRARD, P.J., concurs.

STATON, J., dissents with opinion.

STATON, Judge, dissenting.

I dissent from the Majority Opinion for two reasons:

1. the Majority has used the wrong standard of review.

2. there is insufficient evidence to support beyond a reasonable doubt the essential element of *mens rea.*

The standard of review in a criminal action is not as the Majority suggests: "... substantial evidence supporting the judgment," but "... substantial probative evidence to prove each element *beyond a reasonable doubt.."* (Emphasis added.) *McBroom v. State* (1988), Ind., 530 N.E.2d 725 at 728.

There is a lack of evidence to support the *mens rea* element of theft beyond a reasonable doubt. The evidence relied upon by the Majority supports the element of unauthorized control, but it does not support the absolutely necessary element of *mens rea.* The evidence clearly shows that Brant worked as a mechanic for Cooper, a used car dealer, and made repairs on cars. In return for these mechanical services, Brant was to receive the use of the car in question and the title to the car.

The critical date that relates to the *mens rea* is May 5th, 1987. On this date, Brant had a telephone conversation with Cooper.

Brant was in Cooper's office and standing at Cooper's desk where the title was kept in a drawer. After the telephone conversation ended, a witness testified that Brant stated to him after taking the title from the drawer, "I'll settle with Cooper later," then walked out of the office with the title in his hand. This is the only evidence of Brant's *mens rea* on the 5th Day of May 1987.

The evidence relied upon by the Majority relates to actions of Brant after the 5th Day of May. In its opinion, the Majority states: "... logically, Brant knew that without fulfilling his bargain with Cooper, he had no right to take the title." The fact that Brant did not "settle with Cooper later" does not relate to his *mens rea* on the 5th day of May but to another element—unauthorized control.

The information fixed the date upon which *mens rea* must be established beyond a reasonable doubt by the State. Brant's later intent to not fulfill the bargain that he had made with Cooper is not supportive of the *mens rea* element needed here for a criminal conviction of theft on May 5, 1987. The evidence supports a possible civil conversion action, but it does not support a criminal conviction for theft. Therefore, I dissent.