## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 20 2015, 10:59 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Timothy J. Burns
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Lyubov Gore
Deputy Attorney General

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Sherri Lane, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Petitioner.* | July 20, 2015 <br><br> Court of Appeals Case No. 49A02-1410-CR-715 <br><br> Appeal from the Marion Superior Court <br><br> Lower Court Cause No. 49F09-1307-FD-44299 <br><br> The Honorable Barbara Crawford, Judge |

**Pyle, Judge.**

## Statement of the Case

Appellant/Defendant, Sherri Lane ("Lane"), appeals her conviction of Class D felony theft where the judgement was entered as a Class A misdemeanor.[1] Lane argues that there was insufficient evidence to demonstrate an intent to deprive K-Mart of its property. We disagree and affirm her conviction.

We affirm.

## Issue

Whether there was sufficient evidence to support Lane's theft conviction.

## Facts

On July 7, 2013, Lane entered a K-Mart store to return a "Dora [the Explorer] [] 4 Wheeler Quad ['car']." (Tr. 54). Lane placed the car inside of a shopping cart beside the car's packaging box and then approached the service desk. Lane presented her receipt and requested a refund. However, K-Mart employees told her that a refund could not be issued because the date on the receipt was past "the refund policy date." (Tr. 55). Janetta Sumners ("Sumners"), a loss prevention associate, noticed that Lane became upset by the refusal of her refund request and heard Lane say that "she would never shop there again." (Tr. 57). Sumners then observed Lane proceeding to the store's north exit and

---

[1]IND. CODE § 35-43-4-2(a). We note that effective July 1, 2014, a new version of this theft statute was enacted and that Class D felony theft is now a Class A misdemeanor. Because Lane committed her crime in 2013, we will apply the statute in effect at that time.

watched her turn around before exiting and begin to shop. At that time, the car and its empty packaging box remained in Lane's cart.

[4] Sumners informed another loss prevention associate to watch Lane on the surveillance cameras because Lane's behavior was unusual. After returning to the office to view the surveillance video as it recorded, Sumners saw Lane select items and put "all but a couple of the items" into the car's empty packaging box. (Tr. 65). Sumners also saw Lane place a K-Mart bag over the car's packaging box. Thereafter, Lane passed through both sets of the doors at the north exit with her cart of unpurchased merchandise. K-Mart loss prevention personnel detained Lane and took her to the security office. When Sumners asked Lane why she had stolen the items in the cart, Lane responded that "she was upset that she didn't get a refund." (Tr. 77). Lane was then asked to remove the items from the car's packaging box; the various items recovered totaled approximately $600 in value.

[5] Soon after, Sumners called the police and reported that they had a shoplifter in custody. Officer Sean McCurdy ("Officer McCurdy") of the Indianapolis Metropolitan Police Department arrived at the store's security office, and he asked Lane why she had been stealing. Lane responded that she was upset that she could not return the car. While Lane was speaking to police, her teenage son was waiting outside of the office. When he came back into the office, Lane told her son "this is why you do not do things out of anger." (Tr. 79).

[6] The State charged Lane with Class D felony theft on July 7, 2013. On July 23, 2014, the trial court held a jury trial. During the trial, Sumners and Officer McCurdy testified to the above mentioned facts. Lane testified and denied making any self-incriminating statements to Sumners, her son, or Officer McCurdy. Lane stated that she was a frequent shopper at K-Mart and that she had gone to the store to return the car and shop for school items. She claimed that she had been upset about not being able to return the item and had been planning to leave, but, her son had reminded her about school shopping. She also testified that she had exited the store with the unpurchased merchandise, not intending to steal them, but to purchase paper plates that she claimed were on display outside of the north entrance. Because she was unable to locate an employee to get permission to go outside of the store to get the paper plates, Lane stated that she was unwilling to leave the car and her purse in the cart unattended.

[7] During the trial, both Sumners and Officer McCurdy testified that Lane never mentioned paper plates to them, and Sumners testified that she had never seen K-Mart selling plates during a sidewalk sale. Similarly, she also testified that the only sidewalk sale at that time was a sale for flowers located near the south entrance. The surveillance footage introduced as an exhibit during the trial also contradicted Lane's claim that she looked for a K-mart associate before she exited the north entrance.

[8] At the conclusion of the trial, the jury found Lane guilty as charged. At Lane's sentencing hearing, the trial court entered her theft conviction as a Class A

misdemeanor.  The trial court sentenced Lane to three hundred sixty-five (365) days, with three hundred fifty-nine (359) days suspended to probation and a total credit time of six (6) days.  Lane now appeals.

# Decision

[9]  Lane contends that her theft conviction was not supported by sufficient evidence.  Specifically, she argues that there was insufficient evidence to establish her intent to deprive K-Mart of the value and use of the unpurchased items.

[10]  Our supreme court has held that when the sufficiency of evidence is challenged we will consider only the evidence most favorable to the judgement without reweighing that evidence or judging the credibility of the witness.  *Wright v. State*, 828 N.E.2d 904, 906 (Ind. 2005).  We respect the jury's "exclusive province to weigh conflicting evidence."  *Alkhalidi v. State*, 753 N.E.2d 625, 627 (Ind. 2001).  Likewise, it is not necessary for the evidence to "'overcome every reasonable hypothesis of innocence.'"  *Drane v. State*, 867 N.E.2d 144, 147 (Ind. 2007) (quoting *Moore v. State*, 652 N.E. 2d 53, 55 (Ind. 1995), *reh'g denied*).  We will affirm the trial court "'if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.'"  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005) (quoting *Tobar v. State*, 740 N.E.2d 109, 111-12 (Ind. 2000)).

[11]     To convict Lane of theft as charged, the State was required to prove beyond a reasonable doubt that she "knowingly or intentionally exerted unauthorized control over [K-Mart's] property . . . with [the] intent to deprive . . . [K-Mart] of any part of its value or use[.]" I. C. § 35-43-4-2(a). Lane does not dispute that she "knowingly selected certain items for sale and placed them either in her shopping basket [or inside] of the empty [car] box." (Lane Br. 5). Instead, she argues that there was insufficient evidence to demonstrate her intent to deprive K-Mart of its items' value or use. *Id.*

[12]     This Court has held that "'[i]ntent' is 'a mental function, and without a confession, it must be determined from a consideration of the conduct and the natural consequences of the conduct giving rise to the charge that the defendant committed theft.'" *Duren v. State*, 720 N.E.2d 1198, 1202 (Ind. Ct. App. 1999) (quoting *Brant v. State*, 535 N.E.2d 189, 191 (Ind. Ct. App. 1989), *trans. denied*), *trans. denied*. "[I]ntent may be proven by circumstantial evidence, and it may be inferred from a defendant's conduct and the natural and usual consequences to which such conduct logically and reasonably points." *Long v. State*, 935 N.E.2d 194, 197 (Ind. Ct. App. 2010), *trans. denied*. Accordingly, a theft conviction may be sustained by circumstantial evidence. *See Ward v. State*, 439 N.E.2d 156, 159 (Ind. 1982) (holding that an "[u]nexplained possession of [] stolen property will support an inference of guilt . . . and of theft of that property").

[13]     Here, Lane contends that the evidence that she walked out of the store through both sets of doors of the north exit with a cart of unpurchased merchandise was insufficient to show that she intended to deprive K-Mart of the unpurchased

merchandise's use or value. She argues that she walked out of the doors only to retrieve paper plates from a sidewalk sale. She also contends that she attempted to locate a K-Mart employee before exiting the store to view the sidewalk sale, but she was unsuccessful. Additionally, Lane challenges the credibility of Sumners' and Officer McCurdy's testimony, arguing that she did not make any self-incriminating statements.

[14] We disagree. Sumners' testimony and the surveillance footage contradicts Lane's arguments. Sumners testified that the only sidewalk sale occurring at that time was the sale of flowers outside of the south entrance, and that she had never seen paper plates sold during a sidewalk sale. Similarly, the surveillance video also contradicts Lane's claims because it shows her walking past the service area and through the doors without stopping or looking for an employee. Therefore, Lane's argument is nothing more than a request for this Court to reweigh the evidence and the witnesses' credibility, which we will not do. *Wright*, 828 N.E.2d at 906. Accordingly, there was sufficient evidence to support Lane's theft conviction.

[15] Affirmed.

Crone, J., and Brown, J., concur.